MARKS *et al.*
*vs*
JORDAN.

bill in Chancery, to subject and distribute a common fund—and after the service of process was a *lis pendens,* a lien without any injunction.

---

EJECTMENT.

## Mary Marks *et al. vs* Jordan.

### ERROR TO THE ANDERSON CIRCUIT.

Case 37.

October 4.

*Instructions.    Champerty.*

CHIEF JUSTICE ROBERTSON delivered the opinion of the Court.

The case stated.

AN ejectment having been brought, on the demise of *Mary Marks* and others, and facts having been proved on the trial, conducing to show that persons claiming to act as agents of the lessors, had sold the land, (whilst in the adverse possession of the defendants,) to certain other persons, who had instituted and were prosecuting the ac-tion—the Circuit Judge instructed the jury, in effect, to find for the defendant, if they believed that the said con-tract was champertous and void, and that the vendees were prosecuting the suit under it and for their own bene-fit. Verdict and judgment having been thereupon render-ed in bar of the action, this writ of error brings up, for revision, the question, whether the said instruction was proper. And we are of the opinion that it was not right.

There was no proof on the trial, that the persons in whose names the action was finally prosecuted, had au-thorized it, or that the persons who sold their title to those who were prosecuting the suit, had any power to make such sale, or had done so even with their knowledge. Nevertheless, the judgment against them in this action,

if unreversed, might bar a future action by them for the same land. This ought not to be sanctioned.

In *Cardwell* vs *Sprigg's heirs*, (7 *Dana*, 37,) and in *Beatty et al.* vs *Hudson et al.*, (9 *Ib.* 322,) this Court virtually decided, that in such a case as this, where there might be ground for believing that the suit is prosecuted ostensibly in a vendor's name, for a champertous vendee's benefit, the utmost effect of such deduction should be a dismission, unless, upon a rule or otherwise, such ostensible *vendor* and *lessor* should have an opportunity to be heard, and it should then appear that the suit was so prosecuted with *his knowledge and consent*. And this, which we still deem the only prudent course, was peculiarly proper in this case, and the more especially, as there was no proof that the nominal lessors had ever made or approved the alledged champertous sale, or had even been apprized of the fact that any sale had been made, or was champertous as made, or that any suit had been brought for the land in their names.

It is, therefore, considered that the judgment be reversed, and the cause remanded.

*Draffin & Hewitt* for plaintiffs: *Harlan and Cates & Lindsey* for defendant.

It is improper for the Court, in an action of ejectment, to instruct the jury to find for defendants if they believe that the lessors had sold the land, and the vendors were prosecuting the suit for the benefit of their vendees, without proof that the lessors had authorized such suit. The action of the Court in such case should only extend to a dismission, on proof of a champertous sale, or want of authority in those carrying it on.